Philip E. Hantel
Arizona Bar #024963
710 W. Roosevelt St.
Phoenix, Arizona 85007
(602) 370-9072

philiphantel@mac.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| plaintiff, | ) | NO. CR. 05-1319-PHX-MHM |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR NEW TRIAL** |
| ANDREW ACOSTA, | ) | |
| | ) | |
| defendant. | ) | |

Andrew Acosta comes before this court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, to move it to grant him a new trial in the interests of justice.  In support of this motion, Mr. Acosta suggests that the following that errors during trial warrant a new trial either individually or in sum.

1. This Court should have struck Juror 11 for cause because she worked at a bank that was robbed on three occasions; twice at gun point and once via a bomb threat.  She stated that she had been present in the

bank when robberies occurred, however was not the one who was robbed. And though she stated that this would not affect her fairness, Mr. Acosta submit as a matter of course the court should have removed the juror because of potential bias. Mr. Acosta did not remove this juror with a peremptory challenge.

2. This Court should grant Mr. Acosta a new trial because it allowed probation officer Mori Emmons to testify in this matter. Mr. Acosta moved pretrial to have Ms. Emmons testimony excluded and would rely on the reasons stated on that motion as grounds for granting a new trial.

3. Mr. Acosta submits that he should also be granted a new trial because this Court should have suppressed the identification of Mr. Mike Riley and Kimberly Kitchens as overly suggestive as was noted in pretrial motions.

4. Mr. Acosta submits that this Court should grant a new trial because the Government did not disclose the fingerprint exhibits until the Fingerprint Examiner took the stand.

5. Mr. Acosta submits that this Court should grant him a new trial because this court failed to grant Mr. Acosta's Motion for Mistrial when the prosecutor pointed to the United States Marshall after

calling for the defendant to show his tattoos to the jury. This impermissibly demonstrated to the jury that the defendant was in custody.

6. Mr. Acosta submits that this court should grant a new trial because the Government did not present sufficient evidence that the Bank of America was insured by FDIC. See, *United States v. Sandles,* 469 F.3d 508 (6th Cir. 2006) (the bank's security officer's testimony about seeing an FDIC certificate was insufficient to prove that the bank was insured by FDIC.)

7. Mr. Acosta submits that this court should grant a new trial when the Government failed to disclose the Grand Jury testimony of Agent Sanborn after he testified.

Mr. Acosta therefore asks that this Court grant him a new trial based on one or all of the reasons outlined above.

RESPECTFULLY SUBMITTED this 18th day of January 2008,

          *s/ Philip Hantel*
Philip Hantel
Arizona Bar No. 024963
710 W. Roosevelt St
Phoenix, AZ 85007
(602) 370-9072

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th Day of January, 2008 I electronically transmitted the attached document to the Clerks office using CM/ECF system filing to the following CM/ECF registrants;

Charles Hyder
Assistant United States Attorney