Philip E. Hantel
Arizona Bar No. 024963
Louisiana Bar No. 25078
710 W. Roosevelt St
Phoenix, Arizona 85007
(602) 251-1099

philiphantel@mac.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

———————

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No: CR-05-1319-PHX-MHM |
| Plaintiff, | ) |
| vs. | ) **SENTENCING MEMO** |
| ANDREW ACOSTA, | ) |
| Defendant. | ) |

    Andrew Acosta comes before this court to file this sentencing memorandum in support of this court imposing a sentence concurrent with the sentence he is currently serving and further in not finding that he is a career offender. The pre-sentence report recommends that this court give Mr. Acosta a sentence of 210 months concurrent with his sentence in 03-CR-75-PHX-EHC. This sentence is based on this court finding that Mr. Acosta is a career offender.

/

/

-1-

*CAREER OFFENDER*

The pre-sentence report suggests that Mr. Acosta is a Career Offender within the meaning of U.S.S.G §4B1.1. This finding raises Mr. Acosta's offense level from 25 to 32. Mr. Acosta filed objections to this finding and noted that the 1992 charge under A.R.S §13-3408 did not satisfy the requirements for the predicate offense for career offender. Further, even though Judge Carol found Mr. Acosta to be a career offender in 03-CR-75-PHX-ECH, based on this charge, Mr. Acosta is also attacking that finding through a § 2255 petition before Judge Carroll.

Because of the "extremely disproportionate effect" on the sentence, the Ninth Circuit assumes that the government must meet a "clear and convincing" standard to support this enhancement. *United States v. Staten,* 466 F.3d 708, 717-718 (9th Cir. 2006). The government can meet this burden by producing an indictment, a signed plea agreement, and a signed judgment of conviction indicating what exactly the crime was he was convicted of. *United States v. Mitchell,* 238 Fed. Appx. 243, FN.1 (9th Cir. 2007), citing. *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed 2d 205 (2005).

Here the government has failed to produce these things.

The Arizona statute in question is A.R.S. § 13-3408 and it provides in part as follows:

A person shall not knowingly:

1. Possess or use a narcotic drug,
2. Possess a narcotic drug for sale,
3. Possess equipment or chemicals or both for purposes of manufacturing a narcotic drug,
4. Manufacture a narcotic drug,
5. Administer a narcotic drug to another person,
6. Obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation, or subterfuge,

   7. Transport for sale, import into this state, offer to transport, or sell or offer to sell or transfer to sell a narcotic drug.

Further since A.R.S § 13-3408 punishes crimes not encompassed by the federal statute's definition of drug trafficking offenses including simple possession of narcotics under A.R.S. §13-3408 (1) therefore without more this court has no way of determining whether Mr. Acosta's prior offense constituted a drug trafficking crime. *See Ruiz-Vidal v. Gonzalez*, 473 F.3d 1072 (9th Cir. 2007); *Cazares-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004).

In determining whether a prior conviction qualifies as a conviction for purposes of a sentencing enhancement, a categorical approach is used. *See Shepard, supra.* Under such an approach, courts look only to the fact and the statutory definition of the prior offense, and are not to examine the facts underlying the prior offense. *See United States v. Kelly*, 422 F.3d 889 (9th Cir. 2005). However, if the relevant statute criminalizes both conduct that would constitute a drug trafficking offense and conduct that would not qualify as a drug trafficking offense, as it does here, then federal courts review the conviction using the modified categorical approach established by *Taylor* and *Shepard* to determine whether the prior conviction meets the explicit requirements of § 102 of the Controlled Substances Act. *See United States v. Fish*, 368 F.3d 1200, 1202 (9th Cir. 2004).

Further, none of the charging documents from state court, the judgment and conviction, and the plea agreement specify the subsection that Mr. Acosta pled guilty to. There are seven distinct ways to commit a violation of the Arizona statute and as such without a subsection of 13-3408 included in paperwork, it is insufficient to prove that Mr. Acosta is a career offender. *United States v. Corona-Sanchez*, 247

F.3d 905 (9th Cir. 2002); *United States v. Navidad-Marcos*, 367 F.3d 903 (9th Cir. 2004); *United States v. Figuroa-Ocampo*, 494 F.3d 1211 (9th Cir. 2007).

In *United States v. Lozoya,* 232 Fed Appx. 431 (5th Cir. 2007), the court vacated a career offender adjudication because the TEX. HEATH & SAFETY CODE ANN § 481.112 contained conduct that did not constitute a drug trafficking offense, viz., offering to sell a controlled dangerous substance. The same is true with ARS § 13-3408.

So to establish that Mr. Acosta is a career offender based on the Arizona drug conviction, the government needs to provide this court with the terms of Mr. Acosta's plea agreement. This can be done through transcripts of the colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072 (9th Cir. 2007); *United States v. Snellenberger*, 493 F.3d 1015 (9th Cir. 2007); *Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002).

This stems from *Shepherd*, *supra*, where the Supreme Court applied the rationale of *Taylor* to a prior conviction resulting from a plea. *Shepherd* held that in pleaded cases, the "closest analog" to jury instructions were the "statements for the factual basis for the charge, shown by transcripts of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering a plea." 544 U.S. at 20. The Supreme Court ruled that a sentencing court's inquiry into the facts of a prior crime cannot include consideration of complaints, applications, or police reports, and instead is "generally limited to examining the statutory definition, charging document, written plea agreement, transcripts of plea colloquy, and

any explicit factual findings by the trial judge to which defendant assented." *Id* at 16. *See also Ruiz-Vidal v. Gonzales*, 473 F.3d 1915 (9th Cir. 2007).

Thus far this has not been done and when Mr. Acosta faces a sentencing enhancement of 120 months, this court should require more accurate and significant proof of what the basis of his 1992 conviction was. As such Mr. Acosta asks that this court decline to find him a career offender.

*MANDATORY MINIMUMS AS A CAREER OFFENDER*

Should this court find Mr. Acosta a career offender, Mr. Acosta asks that this court sentence him to less than the minimum as calculated under the guidelines.

Under *United States v. Booker,* 543 U.S. 220 (2005), sentencing under the guidelines is now discretionary. When reviewing a sentence in the post-*Booker* world, appellate courts give deference to trial courts and review for abuse of discretion. *Gall v. United States,* 128 S.Ct. 586 (1997). Though the guidelines are discretionary, a court must still thoughtfully consider a departure and provide justification when coming to a conclusion that an unusually lenient or harsh sentence is appropriate in a particular case. *Rita v. United States,* 551 U.S. at____, 127 S.Ct. 2456, 2470 (2007). In *Gall,* the court rejected a rule requiring "extraordinary" circumstances to justify a sentence outside the guidelines range and the use of a rigid mathematical formula to determine the strength of justifications required to impose a particular sentence. 128 S.Ct. at 595.

The Supreme Court explained that during sentencing under *Booker* a court should first start with an accurate guideline calculation. Next, the court should give both parties the opportunity to argue for whatever sentences they deem appropriate. Then, the court should consider whether the § 3553(a) factors support the requested sentences. However,

the sentencing court should not presume that the Guidelines range is necessarily reasonable and should make an individualized assessment based on the facts presented. If the court decides an outside-guidelines sentence is warranted, it must consider the extent of the deviation and insure that the justification is sufficiently compelling to support the degree of variance. A "major departure should be supported by more significant justification than a minor one." *Gall*, 128 S.Ct. at 596-597.

In *Gall v. United States,* 128 S. Ct. 586, 597-98, 169 L. Ed. 2d 445 (2007), the United States Supreme Court held that sentencing decisions by the district courts are to be reviewed under a deferential abuse of discretion standard. Thus appellate courts are not reverse the district court simply because they might have imposed a different sentence." *Gall*, 128 S. Ct. at 597.

As a result of these pronouncements, appellate courts are finding that *Gall v.* allows for a sentencing court to go below the mandatory minimums even in career offender cases where circumstances warrant it. For instance in *United States v. Martin,* 520 F.3d 87 (1st Cir. 2008) the court found the trial court was within its discretion in departing 91 months below the career offender sentencing guideline recommendation based on the defendants ties to the community, overstated criminal history, lack of likelihood to offend again. Likewise, in *United States v. Smith,* 2008 U.S. App. LEXIS 8794 (4th Cir.) the court upheld a variance from 78-97 months to 24 months imprisonment in a possession of child pornography case because of the defendant's age, stature in the community, and failure to have any inappropriate contact with any children.

As such, no matter what the case or who a defendant is, a sentencing court should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment
-6-

to ensue." *Gall*, 128 S. Ct. at 598 (quoting *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996)).

Here, the pre-sentence report suggests that Mr. Acosta has had significant trauma throughout his life, which likely led to his current situation. It stands to reason that this all came to a head when his father, who was raising Mr. Acosta at the time, was sentenced to 42 years in the Arizona Department of Corrections for kidnapping.

Meanwhile, Mr. Acosta had been using drugs from the age of 11 or 12. And like many, the seriousness of the drug use increased over time and he began using methamphetamine, cocaine and heroin. Since Mr. Acosta was living on the streets, he never received any guidance or help.

As such, Mr. Acosta's history shows that he began his life of incarceration from a very young age and has bounced in an out of incarceration since his teenage years. As such, it is no wonder that Mr. Acosta has found himself where he is today.

Under the considerations of 3553 and Mr. Acosta personal history, he asks that this court take these things into account when sentencing him.

*CREDIT FOR TIME SERVED*

The pre-sentence report notes that Mr. Acosta does not have any credit for time served since he "taken into custody on a detainer warrant on August 30.2006." Mr. Acosta asks that this court take this into account when sentencing him since these crimes took place before the 03-CR-075-PHX-EHC (2003 robbery) bank robbery. Further, when the government prosecuted Mr. Acosta for those robberies they knew of these robberies however chose not to file the indictment until December 2005 and he was not detained on these charges until August 30, 2005.

Since Mr. Acosta will not be receiving any credit for the time he has served on this case and because the government knew of these charges at the time of his arrest in early 2004, he ask that this court impose a sentence less than that suggested by the guidelines.

*CONCLUSION*

For these reasons and any other reason that may become apparent during the sentencing hearing, Andrew Acosta prays that this court find that he is not a career offender, sentence him accordingly and order that those sentences run concurrent with the sentence he is serving under case number 03CR075-PHX-EHC. Alternatively, that his court sentence Mr. Acosta consistent with the pre-sentence report's recommendation.

RESPECTFULLY SUBMITTED this 12th day of June 2008,

       *s/ Philip E. Hantel*
Philip E. Hantel
710 W. Roosevelt St
Phoenix, Arizona 85007
(602) 252-1099

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I filed this document using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants

Assistant United States Attorney
Fredrick A. Battista