**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Acosta,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-17-00765-PHX-RCC<br>No. CR-05-01319-PHX-RCC-1<br><br>**ORDER** |

Pending before the Court is Petitioner Andrew Acosta's Motion Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (Doc. 1.) Acosta claims that District Judge Mary H. Murguia erred when she designated him a "career offender" under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1. He argues that his prior conviction for conspiracy to traffic narcotics does not qualify as a "controlled substance offense" because the state statute, A.R.S. § 13-3408, is not a categorical match. *Id.* at 3. In lieu of an answer, Respondent filed a Motion to Dismiss (Doc. 17), to which Acosta filed an objection (Doc. 19). On April 29, 2019, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") in which she recommended that this Court deny Acosta's Motion as untimely. (Doc. 21.) Acosta filed an objection (Doc. 22) and Respondent a response (Doc. 23). Upon review, the Court will adopt the Magistrate Judge's R&R, grant the Motion to Dismiss, and deny Acosta's § 2255 Motion.

**I. STANDARD OF REVIEW: MAGISTRATE'S R&R**

The standard of review of a magistrate judge's R&R is dependent upon whether or

not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. PROCEDURAL HISTORY

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of facts, and merely summarizes as necessary to address Acosta's objections.

Acosta was convicted of two counts: Count One, Bank Robbery; and Count Two, Bank Robbery by Aiding and Abetting. (Docs. 1, 99, CR-05-0319-PHX-RCC.) The Presentence Report found that Acosta qualified as a career offender under the U.S.S.G. because of two prior convictions: one state conviction for conspiracy to traffic narcotics, and one federal conviction for extortion. (Doc. 17-1 at 44, CV-17-00765-PHX-RCC (CDB).)[1] At sentencing, Judge Murguia calculated Acosta's Base Offense Level as 32, which included a seven–level enhancement for being a career offender. *Id*. at 28. Acosta objected to the enhancement, but Judge Murguia denied the objection and found that Acosta's state court conspiracy to traffic narcotics conviction was a "controlled substance offense" and qualified as a predicate offense for the career offender enhancement. *Id*. at 25. Judge Murguia sentenced Acosta to 96 months' imprisonment for Count One and a consecutive 210 months' incarceration for Count Two. (Docs. 129, 163, CR-05-01319-

---

[1] Unless otherwise indicated, docket citations refer to Acosta's civil case – CV-17-00765-PHX-RCC (CDB).

- 2 -

RCC-1.CR-05-1319-PHX-RCC.) Count One was to run consecutive to a 2003 federal sentence for Bank Robbery by Aiding and Abetting in case number CR-03-00075-GMS, and Count Two was to run concurrent to the 2003 sentence.[2] *Id*.

Acosta appealed his conviction, claiming he was incorrectly categorized as a career offender because the Government did not provide sufficient proof that the prior conspiracy to traffic narcotics qualified as a "drug trafficking crime." (Doc. 17-2 at 51.) He claimed that his narcotics trafficking conviction should have been evaluated under "the modified categorical approach established in *Taylor* to determine whether the prior conviction meets the explicit requirements of § 102 of the Controlled Substances Act." *Id*. at 53 (quoting *Taylor v. United States*, 495 U.S. 575 (1990)). Further, he argued "there are seven distinct ways to commit a violation of A.R.S. § 13-3408 and since the government failed to provide support of which subsection of § 13-3408 under which Mr. Acosta was convicted, the government failed in its burden of proving that Mr. Acosta is a career offender." *Id*. at 53.

On October 15, 2009, the Ninth Circuit issued a memorandum opinion stating that Acosta was properly sentenced as a career offender under U.S.S.G. § 4B1.2 because "[t]he sentencing colloquy and the record of conviction of the 1992 Arizona drug offense show that [Acosta] pleaded to conspiracy to sell narcotic drugs. This is a controlled substance offense." (Doc. 17-3 at 4-5 (citing *United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1247-48 (9th Cir. 2003).) The United States Supreme Court denied a writ of certiorari on October 5, 2010. (Doc. 17-4 at 2.)

Six and a half years later, on March 7, 2017, Acosta filed the instant § 2255 Motion. (Doc. 1 at 4.) He again argues that he was improperly designated as a career offender. However, he now claims that two subsequent cases show that his prior conviction – deemed a "controlled substance offense" – should have been determined using the categorical

---

[2] At sentencing for the 2003 conviction, District Judge Earl H. Carroll also sentenced Acosta as a career offender. (Doc. 17-1 at 46.) Acosta appealed the 2003 sentence but was denied relief. *See United States v. Acosta*, 185 F. App'x 590, 2006 WL 1722545 (9th Cir. 2006). Acosta then filed a § 2255 motion, wherein Acosta argued that the District Court inappropriately sentenced him as a career offender (Doc. 1 at 9-10, CV-07-01160-GMS), but the Court dismissed his argument because he had not raised it on direct appeal. (Doc. 7, CV-07-01160-GMS, *report and recommendation adopted at* Doc. 9.)

approach rather than the modified categorical approach. *Id*. at 3-4.

The categorical approach requires a strict element comparison, and prevents the use of *Shepard* materials (i.e. the sentencing colloquy and the record of conviction) to determine whether the prior conviction may be used for enhancement. *See Descamps v. United States*, 570 U.S. 254, 260 (2013). He claims that *United States v. Mathis*, 136 S. Ct. 2243 (2016), illustrated that a sentence could not be enhanced when a state statute is broader than the federal equivalent. (Doc. 1 at 3.) In addition, *United States v. Sanchez-Fernandez*, 669 F. App'x 415 (9th Cir. 2016) demonstrated that A.R.S. §13-3408 was not a categorical match to the federal definition of "controlled substance offense" because it was overbroad; the statute criminalized conduct that was not included in a federal controlled substance offense. [3] (Doc. 19 at 2, 4-5.) He contends that since A.R.S. § 13-3408 is divisible and overbroad, the Court erred when it used the modified categorical approach. *Id.* Furthermore, since the state statue is overbroad, it could not be considered as a qualifying controlled substance offense. *Id*. These two cases, he asserts, render his prior conviction ineligible for the career enhancement and his sentencing enhancement unjust. *Id*. at 5.

**STANDARD OF REVIEW: TIME FOR FILING HABEAS PETITION**

A petitioner has one-year to file a federal habeas petition under § 2255. The one-year time limit:

> shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was

---

[3] As the Magistrate Judge indicated, *Sanchez-Fernandez* was decided based on an increased offense level under U.S.S.G. 2L1.2(b)(1)(A)(i), which applied when there existed a prior conviction for a "drug trafficking offense," not a "controlled substance offense" under U.S.S.G. §4B1.1. The Magistrate Judge noted that the guideline for drug trafficking offenses requires a substance rendered illegal under the Controlled Substances Act ("C.S.A."), while the guideline for controlled substances offenses is not limited to narcotics listed in the C.S.A. This suggests that the definition of narcotics for controlled substance offenses is not overbroad as Acosta asserts. (Doc. 21 at 7.) Since the Court decides this matter on timeliness, it need not address the merits of the issue of overbreadth.

- 4 -

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Acosta's § 2255 Motion was filed over seven years after his conviction became final. Therefore, 28 U.S.C. § 2255(f)(1) is not applicable. And while his objection states that he has shown due diligence, he does not claim that he could not have discovered the facts supporting his claim previously. In fact, he has argued that he does not qualify as a career offender throughout the appeal process. Therefore, 28 U.S.C. § 2255(f)(3) is inapplicable. Instead, Acosta argues that subsection § 2255(f)(4) applies; that a retroactive decision by the Supreme Court allows this Court to consider his § 2255 Motion timely. And liberally construed, Petitioner's objection appears to argue that the law changed after his sentencing, and prior to *Descamps* v. *United States*, 570 U.S. 254 (2013), he was prevented from making the categorical argument in his § 2255 Motion.

Specifically, Acosta's § 2255 Motion asserts that the decisions in *Mathis*, and. *Sanchez-Fernandez* provide an exception to the time limitation because subsequent to these opinions, Acosta's prior conviction for conspiracy to traffic narcotics can no longer be considered a qualifying "controlled substance offense" necessary for the career offender enhancement. (Doc. 1 at 3-4.)

### III. MAGISTRATE JUDGE'S R&R

The Magistrate Judge determined that Acosta's motion was untimely because it was filed more than one year after his conviction was final and was not subject to an extension. (Doc. 21 at 4-5.) Furthermore, she stated *Mathis* and *Sanchez-Fernandez* did not permit his untimely filing under 28 U.S.C. § 2255(f)(3) because these cases did not create a newly recognized, retroactively applicable right. (Doc. 21 at 5.)

### IV. ACOSTA'S OBJECTIONS

Acosta objects to the Magistrate Judge's determination that *Mathis* and *Sanchez-Fernandez* do not afford him relief in habeas and reasserts the arguments presented in his

1 § 2255 Motion. (Doc. 22.) In addition, he adds that the Supreme Court decision in
2 *Descamps* also prevents him from being considered a career offender since the opinion
3 clarified that the courts must use the categorical approach, not a modified categorical
4 approach, when a statute is indivisible. *Id*. at 3. Liberally construed, Acosta's objection
5 seems to assert that there was a governmental impediment to him raising his categorical
6 argument prior to *Descamps* which excuses his untimeliness under 28 U.S.C. § 2255(f)(2).

Finally, Acosta's objection claims that the R&R has opened the door to his argument that he may be entitled to relief under the First Step Act. *Id*. at 4.

**V.    DISCUSSION**

The Magistrate Judge correctly determined that there is no newly recognized right as a result of *Mathis* or *Sanchez-Fernandez*. (Doc. 21 at 5-6.)  In fact, the Ninth Circuit has repeatedly confirmed that "*Mathis* did not change the rule stated in *Descamps* . . . it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements." *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (quoting *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017)).  Moreover, the Magistrate Judge correctly concluded that *Sanchez-Fernandez* is an unpublished case, is not binding precedent, and does it confer a newly recognized right entitling Acosta to relief. (Doc. 21 at 6.) This Court agrees, these cases do not create newly established right that tolls the statute of limitations for filing his § 2255 Motion.

And, his argument that *Descamps* applies to his prior conviction still fails to extend the time limit. Acosta's objection appears to argue that there was a governmental impediment preventing him from successfully asserting his argument prior to *Descamps*. *Descamps* – like *Mathis* and *Sanchez-Fernandez* – did not create a newly established retroactive rule of law. *Ezell v. United States*, 778 F.3d 762, 766-67 (2015). However, his assertion has some foundation; *Descamps* expressly overturned the Ninth Circuit precedent permitting the utilization of the modified categorical approach for indivisible statues of conviction. *See Descamps*, 570 U.S. at 268-77; *cf. Aguila Motes de Oca*, 655 F.3d at 915, 106 F.3d 1472, 1476-77 (1997).

Thus, when Acosta was sentenced and appealed, the Ninth Circuit permitted a sentencing judge to look at *Shephard* documents when determining the applicability of a prior conviction under an indivisible statute. Post–*Descamps*, these documents were an impermissible way to determine whether the prior conviction could be used for the career offender enhancement. Since A.R.S. § 13-3408 is indivisible, after *Descamps* the Ninth Circuit could not have found as it did; that Acosta's prior conviction qualified for the career offender enhancement based on the sentencing colloquy and the record of conviction. But, even conceding, *arguendo*, that *Descamps* removed an impediment to making the § 2255 Motion, *Descamps* came out in 2013, and so Acosta's § 2255 Motion is still untimely because it was filed nearly four years after the opinion.

Finally, Acosta argues that his prior state conviction is subject to the First Step Act's reduction in sentencing for crack cocaine. (Doc. 22 at 4.) The First Step Act applies to federal convictions, not state, and is therefore does not pertain to Acosta's state sentence for conspiracy to traffic narcotic drugs. *See* First Step Act of 2018, Pub. L. No. 115-39, 21 U.S.C. § 841(b)(1).

## VI. CONCLUSION

Acosta's federal habeas motion is untimely, and the Supreme Court has not established a newly discovered, retroactive right permitting the Court's review of Acosta's § 2255 Motion. However, the Court would like to commend Acosta for the positive changes he has made since being incarcerated, including pursuing an associate's degree and working as a volunteer tutor. The Court encourages Acosta to continue to learn and assist others during his period of incarceration.

Accordingly, **IT IS ORDERED**:

1. Magistrate Judge Bibles' Report and Recommendation is **ADOPTED**. (Doc. 21.)
2. Respondent's Motion to Dismiss is **GRANTED**. (Doc. 17.)
3. Acosta's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 167, CR-05-01319-RCC-1) is **DENIED** and the civil action

opened in connection with the § 2255 Motion (Doc. 1, CV-17-00765-PHX-RCC) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

4. Should the Acosta choose to file an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th day of June, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge