GARY M. RESTAINO
United States Attorney
District of Arizona

KARLA HOTIS DELORD
Assistant U.S. Attorney
Arizona State Bar No. 019134
Email: Karla.Delord@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>                    v.<br><br>Andrew Acosta,<br><br>                              Defendant. | No. CR-05-01319-PHX-RCC<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND/OR REDUCTION IN SENTENCE** |

The United States responds in opposition to Defendant Andrew Acosta's Motion for Compassionate Release and/or Reduction in Sentence ("Motion"). Defendant previously submitted three motions for compassionate release in this case. (CR 172, 174, 187.) Defendant submitted the first two motions pro se and alleged the following extraordinary and compelling reasons in support of his request for compassionate release: (1) the law had changed and he was improperly designated a career offender; (2) prison officials misinterpreted the judgment and commitment order in his case and unlawfully extended his sentence; (3) his rehabilitation in prison; and (4) his release and quarantine plan. (CR 172, 174.)

The district court subsequently appointed counsel for Defendant who filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (CR 176, 187.) In his motion, counsel alleged Defendant was entitled to early release because of his deteriorating health, his heightened risk of serious illness from COVID, and his evidence of rehabilitation.

(CR 187.) On May 5, 2021, this Court denied Defendant's motion submitted by counsel, finding that the sentencing factors under 18 U.S.C. § 3553 weighed against early release. (CR 202.) In light of this denial, the district court also denied Defendant's pro se motions as moot. (CR 202.)

In Defendant's current pro se Motion for Compassionate Release and/or Reduction in Sentence, Defendant alleges that he has exhausted all administrative remedies. (CR 203.) Along with this Motion, Defendant submitted a copy of his original administrative request addressed to the prison warden dated May 22, 2022, which is similar to the previous pro se motions for compassionate release that he filed in this case. (CR 203.) Defendant states that he has not received an answer in this matter and requests that "the re-newed Motion . . . be submitted and assigned a court CJA to assist him." (CR 203.) On July 20, 2022, the Federal Public Defendant's Office filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), stating that in light of the fact that Defendant has refused the assistance of four CJA panelists, it recommends against appointment of counsel now. (CR 204.)

The United States requests that this Court deny Defendant's Motion. As an initial matter, Defendant has an appeal currently pending in the Ninth Circuit Court of Appeals—*United States v. Acosta*, C.A. No. 19-16254—which divests this Court of jurisdiction to order his immediate early release or sentence reduction. *See Griggs v. Provident Consumer Discount. Co.*, 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also United States v. Chambers*, 1:18-cr-00076-BLW, 2022 WL 60592 (D. Idaho Jan 5. 2022) ("To the extent the pending motion for compassionate release involves the same subject matter as [defendant's] appeal pending before the Ninth Circuit, this Court lacks jurisdiction over the motion.").

Multiple district courts have found that they lacked jurisdiction to grant a defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582 when the defendant has a pending appeal challenging the defendant's conviction and sentence. *See, e.g., United States v. Walls*, 455 F.Supp.3d 461, 463-64 (E.D. Mich. 2020) (holding that the district court lacks jurisdiction to rule on the defendant's compassionate release motion based on the COVID-19 pandemic because, "[a] pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release"); *United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) ("Once [the defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over the questions raised in his § 3582(c) motion transferred to the Second Circuit."); *United States v. Valencia-Lopez*, No. CR-17-00894-001-TUC-JGZ (D. Az. Jun. 30, 2020, dkt. 199) ("Because Mr. Valencia-Lopez's case is on appeal, this Court is without authority to rule on Mr. Valencia-Lopez's section 3582(c)(1)(A) application.").

Here, Defendant seemingly challenges his career offender status in his Motion. This same issue is currently before the Ninth Circuit in Defendant's pending appeal. *See Acosta*, C.A. No. 19-16254, Doc. 4 (Ninth Circuit granting a certificate of appealability on whether the district court erred in sentencing Defendant under USSG § 4B1.1 because his prior conviction under Arizona Revised Statute § 13-3408(a)(2) did not qualify as a controlled substance offense). Accordingly, this Court lacks jurisdiction to grant Defendant's Motion. *See Chambers*, 2022 WL 60592, at *2.

Nonetheless, this Court can and should deny Defendant's Motion despite the pending appeal because the Motion is meritless. Under Federal Rule of Criminal Procedure 37, if a party moves for relief that a court lacks authority to grant because an appeal is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *See United States v. Moalin*, 10cv4246 JM, 2021 WL 3419417, at *2-8 (S.D. Cal. Aug. 4, 2021) (addressing and denying the merits of

defendant's motion for compassionate release "in the interests of judicial economy" even though defendant had an appeal pending); *United States v. Velazquez*, No. CR 12-00877-004-PHX-NVW, 2020 WL 5846612, at *1-3 (D. Az. Oct. 1, 2020) (same).

This Court should deny Defendant's Motion because it fails on the merits. Defendant has not set forth any reason in his Motion as to why he is entitled to compassionate release, but rather refers to an administrative request he submitted to the prison warden. Even if this Court considered the reasons set forth in that pleading, they do not constitute extraordinary and compelling circumstances to warrant such a reduction in sentence, and Defendant cannot establish that the § 3553 sentencing factors weigh in favor of early release. In fact, this Court has previously and specifically found that the § 3553 factors do not weigh in favor of release. (CR 202.)

For all of these reasons, this Court should deny Defendant's Motion.

Respectfully submitted this 3rd day of August, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Karla Hotis Delord*
KARLA HOTIS DELORD
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing, thereby transmitting of a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that the following participant in this case is not a registered CM/ECF user. I have mailed the foregoing document by regular First-Class Mail, postage prepaid, for delivery, to the following non-CM/ECF participant:

Andrew Acosta, #44014-008
LOMPOC-CA-LOMPOC-USP
U.S. Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436

#

_s/ Tammie R. Holm_
Paralegal Specialist
U. S. Attorney's Office